791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 BARBARA JO ROMINGER; ONE 1975 TVR, VIN: 3100TM, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA; WILLIAM FRENCH SMITH, ATTORNEY
GENERAL OF THE UNITED STATES OF AMERICA; AND FRANCIS
MULLINS, ADMINISTRATOR OF THE DRUG ENFORCEMENT
ADMINISTRATION UNITED STATES DEPARTMENT OF JUSTICE,
Defendants-Appellees.
 
 85-1260
 United States Court of Appeals, Sixth Circuit.
 4/2/86
 AFFIRMED
 W.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Barbara Jo Rominger appealed from an order of the district court dismissing her complaint for lack of jurisdiction and denying her motion for leave to file an amended complaint in this action challenging an administrative forfeiture of a 1975 TVR automobile.
 
 
 2
 On May 22, 1981, plaintiff's husband, Charles S. Rominger (C.S. Rominger) purchased a 1975 TVR for $7,100. On June 11, 1982, C.S. Rominger applied for and received a Wyoming title for the vehicle. Subsequently, on September 12, 1981, a Michigan title to the same vehicle was issued in the name of Barbara Joe Rominger (B.J. Rominger).
 
 
 3
 On June 10, 1983, plaintiff's 1975 TVR was seized by Drug Enforcement Agency agents upon the arrest of C.S. Rominger. C.S. Rominger, a criminal defense attorney, was subsequently indicted in a five count indictment which alleged that he had dealt in fraudulent securities in order to finance drug transactions.
 
 
 4
 On August 30, 1983, the Chicago Drug Enforcement Administration office mailed a registered/return receipt letter to the plaintiff which notified her that the vehicle had been seized by DEA agents and that the vehicle's appraised value had been established at $5,500. The letter further advised the plaintiff that she had a right to file a petition for remission or mitigation of forfeiture and that such petition would be required to be filed within 30 days of the date on which she received the letter. Enclosed with the letter was a copy of a proposed publication which noticed the plaintiff that she was required to post a cost bond in the amount of $250 with her claim by not later than October 3, 1983 to preserve her right to contest probable cause for the forfeiture.
 
 
 5
 Plaintiff delivered the letter and notice to her attorney within a day or two after she received said letter and notice. The notice of intent to forfeit was published in The Grand Rapids Press on September 13, 20 and 27, 1983.
 
 
 6
 C.S. Rominger's bench trial on the criminal charges pending against him concluded with his acquittal on October 7, 1983. Plaintiff's attorney, Dennis C. Koleda, responded to the forfeiture notice in a letter addressed to William J. Olivanti at the Department of Justice and dated October 5, 1983. Enclosed with Kolenda's letter were plaintiff's Petition for Remission of Forfeiture and a $250 check which was presented in lieu of a required cost bond in that amount.
 
 
 7
 While there is some dispute as to the date on which Kolenda's letter was mailed, it is conceded that the letter was not mailed before October 5, 1983, two days after the deadline for posting the $250 cost bond. The Petition for Remission of Forfeiture was dated October 7, 1983. In a typewritten statement below the signature line, the petition indicated that C.S. Rominger had been acquitted of all charges arising out of the incident which resulted in the seizure of his wife's automobile on October 7, 1983.
 
 
 8
 In a letter dated October 12, 1983, a DEA Administrative Officer notified plaintiff's attorney that his $250 check which had arrived that day and had been submitted in lieu of a required cost bond in that amount was being returned because it had not been timely posted on October 3, 1983. The letter also indicated that plaintiff's petition for remission had been forwarded for processing in Washington, D.C.
 
 
 9
 In a letter dated December 7, 1983, DEA Forfeiture Counsel William M. Lenck denied plaintiff's petition for remission or mitigation of forfeiture, concluding that plaintiff had failed to demonstrate an adequate actual ownership in the property and that plaintiff's husband was the actual beneficial owner of the forfeited vehicle. Plaintiff petitioned for reconsideration and, in a letter dated December 20, 1983, Lenck affirmed his earlier decision.
 
 
 10
 On January 5, 1984, plaintiff filed this action seeking to set aside the administrative forfeiture of the 1975 TVR and to enjoin the United States from forfeiting the vehicle. On July 9, 1984, the defendants filed a motion to dismiss, contending that the district court did not have jurisdiction to entertain this matter.
 
 
 11
 On October 30, 1984, over three months after the motion to dismiss was filed, the plaintiff responded to defendant's motion to dismiss. At the same time, plaintiff moved for leave to amend her complaint to include several constitutional claims which had not been alleged in the original complaint. On January 30, 1985, the district court granted the defendant's motion to dismiss the complaint for lack of jurisdiction and denied plaintiff's motion for leave to amend. On March 14, 1985, plaintiff filed her notice of appeal.
 
 
 12
 Upon consideration of the briefs and after oral argument, the judgment of the trial court is AFFIRMED for the reasons set forth in the district court's opinion.
 
 
 
 *
 Hon. James P. Churchill, United States District Judge, United States District Court for the Eastern District of Michigan, sitting by designation